F. R. Ingram and Mayme T. Ingram v. Commissioner.
Ingram v. Commissioner
Docket No. 51676.
United States Tax Court
T.C. Memo 1957-95; 1957 Tax Ct. Memo LEXIS 157; 16 T.C.M. (CCH) 393; T.C.M. (RIA) 57095; June 10, 1957
F. R. Ingram, Farley Building, Birmingham, Ala., pro se. Lester R. Uretz, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined a deficiency in the income tax of petitioners for the taxable year 1950 in the amount of $1,997.62. The sole contested issue is whether the amount of $2,461.55 paid by petitioners to their son, in kind, constitutes an ordinary and necessary expense deductible under sections 23(a)(1)(A) or 23(a)(2) of the Internal Revenue Code of 1939. Findings of Fact Petitioners are husband and wife residing in Birmingham, Alabama. Their joint income tax return for 1950 was filed with the collector of internal revenue for the district of Alabama. Petitioner, *158 F. R. Ingram, has been engaged in the practice of law since 1933 and maintained his law office in Birmingham, Alabama. Prior to its sale in 1950, F. R. Ingram, hereinafter referred to as petitioner, owned 33 1/3 per cent of the outstanding capital stock of the B.F.I. Amusement Company, Inc., which was organized about 1945 for the purpose of constructing, owning, and operating a drive-in theatre in Montgomery, Alabama. Petitioner also owned approximately 18 per cent of the outstanding capital stock of Drive-In Theatre Operators, Inc., a corporation organized in 1948 or 1949 for the purpose of owning and operating two drive-in theatres in Knoxville, Tennessee. Petitioner was secretary and a director of both such corporations. Each corporation paid petitioner a salary for legal services and for keeping the [books,] which work was done in his law office. Petitioner was not active in the operation or management of the aforesaid businesses. In 1946 or 1947, petitioner agreed to pay his son, Frank T. Ingram, who was then 16 or 17 years of age, for services to be rendered to petitioner in connection with the latter's duties to the aforementioned corporations. There was no discussion *159 at that time of the amount the son would be paid. Beginning in 1947, petitioner's son rendered various services for the B.F.I. Amusement Company, Inc., such as assisting in the construction of the wings on the screen tower, delivering supplies, making repairs and related duties for the theatre in Montgomery, Alabama. For such services he was paid by the corporation. In the latter part of 1948, the Corinthian Drive-In Theatre, Inc., was organized for the purpose of owning and constructing a drive-in theatre near Childersburg, Alabama. Petitioner owned 50 per cent of its outstanding capital stock. Petitioner did not participate in its operation or management of the theatre and received no salary from such corporation. Shortly before the formation of the latter corporation petitioner had acquired by purchase 20 acres of land near Childersburg, Alabama, for a consideration of approximately $4,500. Petitioner then entered into an agreement with O. L. Redfern, which provided that petitioner would contribute the land to the corporation to be formed for 1,500 shares of its capital stock and Redfern would pay $15,000 in cash for a like number of shares. As a part of such agreement, petitioner *160 obligated himself to supervise the construction of the theatre on the premises without compensation. During the year 1949, petitioner proceeded to supervise the construction of the theatre near Childersburg. At that time petitioner told his son that if he would assist him, the latter would purchase for the son an automobile. In connection with the construction of the theatre near Childersburg, petitioner's son drew plans and specifications and assisted in its active construction both in a supervisory capacity and as a manual laborer. The son worked weekends from about January 1, 1949 until about June 1, 1949. Thereafter, he lived in Childersburg and worked full time until the construction of the theatre was completed on October 1, 1949. Corinthian Drive-In Theatres, Inc., paid for the work the son did at day labor rates. The corporation also paid for all construction work except for the plans, specifications, supervisory work, and engineering performed by the son. Upon the sale in 1950 of petitioner's stock in B.F.I. Amusement Company, Inc., and Drive-In Theatre Operators, Inc., petitioner bought an automobile for his son at a cost of $2,011.85; paid insurance premiums on the *161 automobile in the amount of $49.70, and made income tax payments on the son's behalf in the amount of $400, aggregating the sum of $2,461.55. In their joint income tax return for 1950, petitioners claimed a deduction in the amount of $2,461.55 as a business expense which the respondent disallowed. Opinion LEMIRE, Judge: The question presented is whether petitioners are entitled to deduct in 1950, the amount of $2,461.55 as a business or nonbusiness expense. Petitioners' primary contention is that F. R. Ingram was engaged in the business of promoting, organizing, and financing corporations to operate drive-in theatres, and serving as an officer and a director of such corporations; and, that the expenses in controversy bear a proximate relation to such activities, and thus constitute deductible business expenses. Alternatively, petitioners argue, on brief, that the amount in question is ordinary or necessary expenses paid or incurred for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. The relevant facts are not in dispute. Whether the activities carried on are sufficiently extensive to *162 constitute a trade or business is one of fact to be resolved on the basis of the particular facts presented. Higgins v. Commissioner, 312 U.S. 212. The courts have recognized that promoting, organizing, lending money and managing numerous enterprises may be so extensive as to warrant the conclusion that the taxpayer was carrying on a trade or business. Henry E. Sage, 15 T.C. 299; Maloney v. Spencer, 172 Fed. (2d) 638; Foss v. Commissioner, 75 Fed. (2d) 326. During the taxable year 1950 and since 1933, F. R. Ingram was engaged in the practice of law in Birmingham, Alabama, and in 1950 reported considerable income from such practice. He owned 33 1/3 per cent of the outstanding capital stock of the B.F.I. Amusement Company, Inc., 18 per cent of the capital stock of Drive-In Theatre Operators, Inc., and 50 per cent of the Corinthian Drive-In Theatres, Inc. All three corporations were engaged in the operation of drive-in theatres. Two of the theatres were located in Knoxville, Tennessee, one in Montgomery, Alabama, and one in Childersburg, Alabama. Ingram was the secretary and a director of each corporation. No claim is made that *163 he was active in the operation or management of any of such corporations. Each corporation, except Corinthian Drive-In Theatres, Inc., paid him a salary for legal services and for bookkeeping which was performed in his law office. The record, in our opinion, indicates that Ingram was a passive investor, rather than establishing that his activities as secretary and a director of the three theatre corporations were sufficiently extensive to warrant the conclusion that he was engaged in such trade or business. Assuming, arguendo, that such activities did constitute the trade or business of Ingram, we are not persuaded that the record shows that the services performed by his son had any direct or proximate relation to such trade or business so as to constitute ordinary and necessary expenses thereof. On the contrary, the evidence rather tends to indicate that the services performed by the son were of the character that ordinarily would be performed for and paid by the corporation. The fact that Ingram personally obligated himself to pay the son for such services does not qualify the payment as a deductible business expense. Interstate Transit Lines v. Commissioner, 319 U.S. 590; *164 Eskimo Pie Corporation, 4 T.C. 669, 677, affd. 153 Fed. (2d) 301. The record establishes that the principal services performed by the son for which he was not compensated by the respective corporations involved were performed in connection with the planning and supervision of the construction of the theatre at Childersburg, Alabama. The evidence also shows that as a part of the consideration for the issuance to him of the 1,500 shares of the capital stock of Corinthian Drive-In Theatres, Inc., Ingram had agreed to supervise the construction of the theatre at Childersburg without compensation. It thus appears that the services performed by the son in connection with the theatre at Childersburg, which were not paid for by the corporation, were services which Ingram agreed to perform as part consideration for the capital stock issued to him. Under such circumstances, the expenditure would become a part of petitioner's cost for his shares of stock. Dwight A. Ward, 20 T.C. 332, affd. 224 Fed. (2d) 547. Ingram testified that he was unable to allocate the amount of $2,461.55 paid on behalf of his son, as between the services rendered *165 by the son in connection with the theatre at Childersburg, and those rendered by him for the other two theatre corporations. Nor does the record furnish any evidence upon which the Court could make such an allocation. In the light of the entire record, we hold, that petitioners have failed to show that the payments to the son, in kind, in the taxable year 1950 were ordinary and necessary business expenses deductible under section 23(a)(1)(A), or nonbusiness expenses deductible under section 23(a)(2) of the Internal Revenue Code of 1939. Decision will be entered under Rule 50.